**CUMBERLAND FARMS, INC.,**
Plaintiff, Appellant,

v.

**John LaFAVER, et al., Defendants,**
**Appellees,**

**Boston Milk Producers, Inc., Wayne Haps-**
**worth, Priscilla Rowbotham, Agri–**
**Mark, Inc., Harold Larrabee and Adrian**
**Wadsworth, Intervenors, Appellees.**

No. 93–2066.

United States Court of Appeals,
First Circuit.

Submitted July 25, 1994.

Decided Aug. 24, 1994.

Joel C. Martin, James B. Haddow, Petruc-
celli & Martin, and Sheldon A. Weiss on
brief, for appellant.

Janet M. McClintock, Asst. Atty. Gen., Mi-
chael E. Carpenter, Atty. Gen., and Cabanne
Howard, First Asst. Atty. Gen., on brief, for
appellees.

Jerrol A. Crouter, Richard A. Spencer, ·
Drummond Woodsum Plimpton & Mac-
Mahon on brief for Boston Milk Producers,
Inc., Wayne Hapsworth, Priscilla Rowbot-
ham, Agri–Mark, Inc., Harold Larrabee and
Adrian Wadsworth.

Before SELYA, BOUDIN, and STAHL,
Circuit Judges.

PER CURIAM.

The Maine Dairy Farm Stabilization Act,
36 Me.Rev.Stat.Ann. tit. 36, §§ 4541–4547
(West Supp.1993), imposes a tax on all pack-
aged fluid milk sold in Maine irrespective of
the origin of the milk, but only Maine dairy
farmers are eligible for what amounts to a
rebate from the Maine Dairy Farm Stabiliza-
tion Fund. Cumberland Farms, which sells
to Maine consumers milk produced by out-of-
state dairy farmers, filed suit against various
Maine officials, alleging that the tax-and-re-
bate scheme violates the restrictions on state
power inherent in the Commerce Clause.
The district court denied Cumberland Farms'
motion for summary judgment and granted
that of the defendants, using the following
reasoning as the linchpin of its analysis: "It
is true that the proceeds [of the tax] are ...
used to benefit Maine milk producers, but
current precedents permit this kind of eco-
nomic protectionism." *See Cumberland
Farms, Inc. v. LaFaver,* 834 F.Supp. 27, 32
(D.Me.1993).

We believe that with the intervention of
*West Lynn Creamery, Inc. v. Healy,* ——
U.S. ——, 114 S.Ct. 2205, 129 L.Ed.2d 157
(1994), which struck down a similarly dis-
criminatory tax-and-rebate scheme imposed
by Massachusetts, the reasoning of the dis-
trict court is no longer tenable. Defendants
argue that *West Lynn* is not dispositive be-
cause the Massachusetts dairy tax was col-
lected primarily from out-of-state milk sellers
while the Maine tax is collected primarily
from in-state milk sellers. The Court has
rejected such quantitative distinctions in the
past, *see New Energy Co. v. Limbach,* 486

**2**

U.S. 269, 276–77, 108 S.Ct. 1803, 1807, 100 L.Ed.2d 302 (1988) ("Varying the strength of the bar against economic protectionism according to the size and number of in-state and out-of-state firms affected would serve no purpose except the creation of new uncertainties in an already complex field."), and we are compelled to do the same in this instance. Accordingly, we deny the parties' request for oral argument, reverse the decision of the district court, and remand the case with instructions to enter judgment in favor of the plaintiff and to conduct any necessary additional proceedings in a manner consistent with this opinion.

*So ordered.*