USA v. Beverly Hayden                    CR-94-022-M    01/11/95
                  UNITED STATES DISTRICT COURT FOR THE
                       DISTRICT OF NEW HAMPSHIRE


United States of America

     v.                                    Criminal No. 94-22-1-M

Beverly Hayden


                              O R D E R


     Defendant waived indictment and entered a plea of guilty to
an information nearly one year ago, on February 18, 1994.  Her
plea agreement requires the government to give due consideration
to her "cooperation" in the investigation and prosecution of
others in determining whether to move for relief from application
of the sentencing guidelines in her case.  U.S.S.G. § 5K1.1.  She
was scheduled to be sentenced on July 18, 1994, which was two
months later than would normally be the case, presumably to
accommodate her willingness to cooperate.

     On June 21, 1994, the government moved to continue that
sentencing date ". . . in order to allow the United States to
fully evaluate any circumstances which would justify a motion
pursuant to section 5K1.1 of the Sentencing Guidelines, which
would influence the sentence which the United States would
recommend in this case."  Motion, dated June 21, 1994.  The court

granted that motion to continue and defendant's sentencing was postponed until November 21, 1994.

On October 28, 1994, the government again moved to continue defendant's sentencing, arguing:

> ". . . the defendant has agreed to cooperate with the Government in a continuing investigation which is expected to result in the indictment of other individuals. The Government does not believe there is need to delay the defendant's sentencing until all potential indictments and trials are concluded. However, the Government does wish to continue the sentencing until such time as the grand jury has completed that part of the proceedings to which the defendant's testimony is relevant. This would allow the United States to consider the defendant's testimony in evaluating the circumstances which would justify a motion pursuant to section 5K1.1 of the Sentencing Guidelines."

Motion, dated October 28, 1994. That motion was also granted and defendant's sentencing was postponed a second time, to January 23, 1995 (and further adjusted for the court's convenience to January 30, 1995). However, the court noted that no further continuances would be granted.

Nevertheless, on January 6, 1995, the government filed yet another motion to continue defendant's sentencing, this time arguing that its anticipated schedule relative to defendant's testifying before the grand jury (apparently the contemplated

2

"cooperation") was "overly ambitious" and that the grand jury simply has not been able to get to that portion of the investigation to which the defendant's testimony is relevant. The government now ominously suggests that if defendant's sentencing is not continued for a third time, to beyond a year after her plea was accepted, ". . . the Government will not be in a position to file a motion under section 5K1.1."

The government controls both what is presented to the grand jury and when it is presented. There is nothing in the government's motion which begins to explain why defendant could not have divulged whatever she knows and testified before the grand jury at some point during the past year. The court will not speculate at this juncture about the actual nature of the government's contemplated "cooperation" by defendant. But, to the extent defendant has been ready, willing and able to cooperate by fully divulging all information within her knowledge, and by testifying before the grand jury, it would seem that the government's own delay or unwillingness to call defendant as a witness should not inure to her detriment. The government is of course required to deal in good faith, and its plea agreements, in fact as well as in law, must be given effect.

3

The motion to continue is denied.  However, the court will entertain any motion defendant may make for downward departure based upon her willingness and ability to cooperate in fulfillment of her contract, and will take into account any governmental frustration of that bargained for opportunity to earn a motion under Section 5K1.1, in determining whether defendant has lived up to her bargain, whether the government has acted in good faith or abused its discretion in failing to make a motion under Section 5K1.1, and whether the circumstances present a sufficiently unique situation that departure would be warranted despite the government's failure to make a motion under Section 5K1.1.  See e.g. United States v. Catalucci, 36 F.3d 151, 153 (1st Cir. 1994); United States v. Torres, 33 F.3d 130, 133 (1st Cir. 1994).

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

January 11, 1995

cc:  United States Probation
     United States Marshal
     United States Attorney
     Robert E. McDaniel, Esq.

4